## UNION LIGHT, HEAT & POWER CO.

v.

## PUBLIC SERVICE COMMISSION et al.

Court of Appeals of Kentucky.

March 26, 1954.

Rehearing Denied Oct. 22, 1954.

Stephens L. Blakely, Blakely, Moore & Blakely, Covington, Floyd C. Williams, Walter E. Beckjord, Jr., Peck, Shaffer & Williams, Cincinnati, Ohio, for appellant.

J. D. Buckman, Atty. Gen., J. Gardner Ashcraft, Asst. Atty. Gen., Morris Weintraub, Newport, E. H. Henry, Covington, for appellees.

STEWART, Justice.

This appeal challenges the correctness of an order of the Public Service Commission of Kentucky, hereinafter referred to as "the commission," entered on February 29, 1952, prohibiting the Union Light, Heat & Power Company, herein called "the company," from placing in effect increased gas and electric rates beginning March 1, 1952, pursuant to KRS 278.190 prior to its amendment by the 1952 General Assembly.

The facts of this case are that on January 4, 1950, the company filed applica-

tions before the commission for authority to increase its gas and its electric rates pursuant to Section 17(a) of the commission regulations governing the "Change of Rates on Application" and complied with Rules 19, 20 and 21 regulating the procedure thereunder. This section permits the commission by order after a hearing to increase the rates of a public utility making such an application.

At a hearing on May 16, 1950, the commission, from the information then available to it, found that the company had for several years been earning in excess of what the commission believed was a fair, reasonable and legal return on its investment and the company was ordered to show by clear and satisfactory evidence that its rates were not arbitrary and unlawful. Hearings were held on the 6th, 7th, 13th and 14th days of June 1950, at which times the company introduced its proof in chief. At the conclusion of the hearing on June 14th, no further action was taken by the parties and the two applications lay dormant until February 5, 1952.

On this last date the company filed a supplement to its original applications and advised the commission of its intention to place the proposed increase in rates in effect on March 1, 1952. Although by these notices the company requested the same adjustment in rates it had asked the commission to make after a hearing, the notices set out many contentions for putting the proposed rates into effect that did not exist at the time of filing its original applications. The company departed from its initial course under Section 17(a) and elected to pursue Section 17(b) of the commission's regulations which governs the "Change of Rates on Notice." Therefore, the company was required to comply with Rules 22 through 27 and with Rules V–6 and VIII (b) of the Rules of Procedure in order to proceed under this latter section. On February 18, 1952, the commission entered an order suspending the rates then in force for a period of 120 days from and after the 1st day of March, pursuant to KRS 278.190, but it gave the company authority to make the proposed rates effective upon the post-

ing of bonds in each case aggregating the penal sum of $350,000. On the same day the bonds were executed by the company and approved by the commission.

On February 26, 1952, a motion was filed on behalf of a consumer whereby the commission was asked to prohibit the company from collecting the proposed increased rates, and, in addition, it was requested to set aside the order of February 18th and dismiss the two cases in their entirety. After averring an abandonment by the company of its original applications of January 4, 1950, to increase its gas and electric rates, which increase in each instance the commission had refused to approve, and which applications the company neglected and declined for two years to prosecute or press to a conclusion, the motion alleged the company should be prohibited from placing into effect any increase in gas and electric rates beginning March 1, 1952, because of its failure to comply with Rules V–6 and VIII(b) of the Rules of Procedure in that it did not produce and file with its supplement to the applications a financial statement covering a full year's operation, including the latest quarterly report thereof prior to the date of filing the supplement. The motion also averred that the company had not posted the tariff of the proposed rate increases at the offices and places of business of the company in the territory affected thereby for at least 20 days prior to March 1, 1952, as required by Rule 23(1); and that the company had not published a notice of such change of rates once a week for three consecutive weeks prior to the filing of such proposed rate schedules with the commission, as required by Rule 23(2).

On February 29, 1952, after a hearing, the commission set aside the order allowing the company to increase its rates effective March 1st on the sole ground that the company had not published the notices specified by Rule 23(2). The motion to dismiss the applications was overruled. The company then filed with the commission another notice in each case, stating that the new rates would be placed in effect on March 27th, and procured from the commission an order permitting newspaper publications to be

made during the period these notices were on file. The new notices were filed on March 5, 1952, which was the day the 1952 Act amending KRS 278.190 became effective. The commission ruled that the amendment was applicable to the proceedings and ordered the rate increases suspended for five months, or until August 27, 1952, as provided by the amendment.

The company filed its actions in the two rate cases in the Franklin Circuit Court on March 19, 1952, and sought therein in substance to set aside and vacate the commission's order of February 29th, which had voided the portion of its order of February 18th permitting the company to make its increase in rates effective on March 1st upon posting a bond. This action was pitched upon the contention that Rule 23(2) of the commission regulations providing for giving notice was invalid because it represented an attempt of the commission to amend KRS 278.180, since this section provided no increase in rates should be made "except upon twenty days' notice to the commission". On the other hand, the company claimed it had fully complied with the law in this respect for the reason that it had, upon filing its supplement on February 5, 1952, published newspaper notices during the twenty-day period in conformity with the above statute. The company therefore maintains the order was a nullity. By amendments the company sought to enjoin the commission from attempting to enforce its order of February 29, 1952, and through the clerk of the lower court it obtained a restraining order to this end.

The commission, after demurring to the petitions, filed its answers and counterclaims thereto. It asked for an injunction against the company to enjoin it from collecting, or attempting to collect, any rates in excess of those in effect prior to March 1, 1952. It further asked for an order directing the company to forthwith refund to those entitled thereto all sums collected in excess of the rates in effect prior to March 1st. As grounds for its counterclaims the commission alleged that the notices published by the company were inadequate and invalid and that, furthermore, the company

had placed its rates in effect illegally, since it had failed to comply with Rules V–6 and VIII(b), regulating the procedure required under Section 17(b), and with Rule 22(a), Rule 23(1), Rule 23(2), Rule 24, Rule 25 and Rule 27, all of which govern the change of rates on notice under this same section. We shall elaborate upon these rules, to the extent necessary, hereinafter.

The company demurred to the answers and counterclaims of the commission. The cases were then submitted on the record and briefs. The Chancellor sustained the demurrers to the petitions, overruled the company's motion for temporary injunctions in each action, thereupon dissolving the restraining orders, and granted the commission a mandatory injunction directing the company to forthwith refund to all those entitled thereto any and all sums collected during the interim between March 1, 1952, and August 27, 1952, in excess of the gas and electric rates in effect prior to March 1, 1952.

The company has appealed, urging as a reason for reversal that Rule 23(2), relied upon by the commission in setting aside the order of February 18, 1952, is void because it contravenes KRS 278.180 and, as the commission limited itself to this one ground, it is estopped to now say there are other grounds to support its order of February 29th. As a corollary, it is argued that the commission's order of February 18, 1952, waived all other questions relating to compliance with the commission's rules under Section 17(b) and therefore the attempt to vacate this order at a later date was beyond its power. We conclude that both of these contentions are without merit.

█ It is well established that the rules and regulations of an administrative agency duly adopted pursuant to the powers delegated to it have the force and effect of law. 42 Am.Jur., Public Administrative Law, Section 102, page 432. KRS 278.040(3) reads: "The commission may investigate the methods and practices of utilities to require them to conform to the laws of this state, and to all reasonable rules, regulations and orders of the com-

mission not contrary to law." It is not in dispute that the rules and regulations governing proceedings by the company under Section 17(b) are within the authority of the commission to enforce. Nor is it questioned that these rules and regulations have been duly adopted. It follows that the company was, and is, as much bound by these rules and regulations as if they were statutes enacted by the Legislature.

We conclude that Rule 23(2) is invalid for the reason that it undertakes to materially alter KRS 278.180. If a statute lays down general standards, the administrative agency may implement the statute by filling in the necessary details. But where, as is the case here, the statute in itself prescribes the exact procedure the administrative agency may not add to or subtract from such a provision. However, the fact that the commission rested its order of February 29, 1952, upon this sole ground, which turned out to be an erroneous one, does not preclude this Court from considering whether there were other valid reasons for the commission's action. A proper order must stand even though it may be based upon an insufficient or wrong pronouncement. Dwiggins v. Howard, 247 Ky. 746, 57 S.W.2d 649. Accordingly, if the order was correct upon any other ground or grounds shown by the record, it is not material that it may have been rested upon an erroneous theory. Akins v. City of Covington, 265 Ky. 740, 97 S.W.2d 588; Anderson v. City of Ludlow, 250 Ky. 204, 62 S.W. 2d 785.

An examination of the record reveals that the company did nothing more than comply with KRS 278.180 as to giving the notices, whereas, as has been heretofore pointed out, it neglected to follow any of the other requirements governing the procedure under Section 17(b). We shall merely call attention to some of the main regulations that were not observed, because it would serve no good purpose to elaborate on all of them at length. There was no attempt, for instance, to comply with Rule 23(1), providing that the proposed revised rates shall be exhibited in the offices and places of business of the utility in the territory affected for at least twenty days prior to the date the increased rates were to become effective; and it made no effort to pursue Rule 25, providing that complete copies of the tariffs showing any increased rates must be delivered to the commission 20 days prior to the effective date thereof, accompanied by a certificate in writing that notices had been given to the public in all respects as required by Rule 23. Nor did the company file with the commission the detailed financial reports specified by Rules V–6 and VIII(b). The omission to follow any one of these regulations would justify the entry of the order of February 29th. Even though the commission traveled the wrong route when it based its order solely on Rule 23(2), it reached the right destination and its order last mentioned must be sustained.

KRS 278.360 provides that a full and complete record shall be kept of all contested proceedings had before the commission on any formal hearing. This statute also directs that every order or authorization issued or approved by the commission shall be in writing and shall be entered on the records of the commission. When certified under seal by the commission such order or authorization under this section "shall be received as evidence in any proceeding as to the facts stated therein." KRS 278.370. It may thus be said that the commission, like a court, acts and speaks only through its written orders. It is significant in this connection that no order was ever at any time entered by the commission waiving noncompliance by the company with any of the requirements of Section 17(b).

Furthermore, we know of no rule of law that denies to a court the right to revoke an order and substitute in lieu thereof a new and different one, provided that court has not lost jurisdiction over the case involved. An administrative agency unquestionably has the authority, just as has a court, to reconsider and change its orders

during the time it retains control over any question under submission to it. It has been held that an administrative agency has the power to amend or correct its records by nunc pro tunc entries. 42 Am.Jur., Public Administrative Law, Section 74, page 391. When the order of February 18th was set aside by that of February 29th, the commission still had full and complete jurisdiction over these two applications. Furthermore the order of March 1st had not become effective before it was set aside.

For the reasons indicated the order of February 29th was valid and the judgment is affirmed.