PUBLIC SERVICE COMMISSION of
Kentucky et al., Appellants,

v.

MT. VERNON TELEPHONE COMPANY,
Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Rehearing Denied May 3, 1957.

Jo M. Ferguson, Atty. Gen., J. Gardner Ashcraft, Asst. Atty. Gen., James W. Lambert, Mt. Vernon, for appellants.

Louis Cox, Frankfort, for appellee.

CULLEN, Commissioner.

The Mt. Vernon Telephone Company (hereinafter called the "Company"), which for many years has been furnishing a magneto system telephone service in the communities of Mt. Vernon, Brodhead and Livingston, in Rockcastle County, applied to the Public Service Commission for a certificate of public convenience and necessity authorizing it to convert to a common battery dial system and to construct additional lines to serve areas adjoining the three named communities. Shortly thereafter, the Rockcastle County Rural Telephone Cooperative Corporation (hereinafter called the "Co-op") applied to the Commission for a certificate of public convenience and necessity authorizing it to construct and operate an electric dial telephone system to serve all of Rockcastle County, including the communities presently served by the Company. The applications were consolidated, and after a number of hearings and rehearings, and one appeal to the circuit court following which there were more hearings, the Commission entered an order denying the application of the Company and granting the application of the Co-op.

The Company appealed to the circuit court, and judgment was rendered remanding the case to the Commission with directions to grant the application of the Company and to set aside the certificate granted to the Co-op and "to reconsider the reissuance of same in the light of the constitutional rights of plaintiff (the Company) as herein set out."

The Commission and the Co-op have appealed from the circuit court judgment.

As we view the case, the initial question is whether the Commission properly denied the application of the Company for a certificate of convenience and necessity. Although there appears to be some confusion in the minds of the parties on this point, it seems clear to us that this question depends solely upon the provisions of KRS Chapter 278, relating to public utilities generally, and is not concerned with KRS Chapter 279, relating to cooperatives.

The Company's application was made under KRS 278.020, which provides that no person shall begin the construction of any plant, equipment, property or facility for furnishing a public utility service, "except ordinary extensions of existing systems in the usual course of business," until a certificate of convenience and necessity has been obtained. Also involved is KRS 278.300, which requires Commission approval before issuance of evidences of indebtedness by a public utility.

Since the Company's proposed activity was beyond the scope of an "ordinary extension in the usual course of business" it is clear that the Company could not proceed without obtaining a certificate. The circuit court seemed to be of the opinion that the Commission had no jurisdiction or authority to deny the certificate, but was required to issue the certificate without regard to the ability of the Company to

finance the proposed construction. The circuit court also seemed to interpret the order of the Commission, denying authority to the Company to construct "any additional telephone lines," as meaning that the Company could not even replace existing lines in the course of ordinary maintenance of the plant.

As concerns the construction of "additional lines," we think it is clear that the Commission's order means only that the Company cannot *extend* its lines into new service areas. Thus, the validity of the Commission's order, both as respects the construction of additional lines and as respects the conversion to dial system, depends upon the same consideration, namely, the power of the Commission, for suitable reasons, to deny a certificate for extension of plant or facilities beyond ordinary extensions in the usual course of business.

We find no authority to support the view taken by the circuit court, and the attorneys for the Company on this appeal do not argue that the view is correct. They argue that the Commission *erred* in denying the certificate, because there was ample evidence of the Company's financial ability to make the extensions.

█ It is our opinion that the Commission did have authority to deny the certificate if the Company did not prove its financial ability, and that the only question before us on this phase of the case is whether the Commission's finding of lack of financial ability is supported by the evidence.

The Company made its application in 1950. Through the various hearings conducted from that time until the entry of the final order in 1954, the Company advanced various financing plans, none of which ever materialized and some of which never got beyond the stage of mere suggestion. At no time did the Company produce evidence of a definite loan commitment adequate to finance the proposed extensions. It is true that the president of the Company made the bare statement, several times, that the Com-

pany was financially able to make the extensions, and the attorneys for the Company on this appeal stoutly maintain that this was "uncontradicted" and "positive" evidence of financial ability. However, the facts belied the words, and we are not impressed by the argument that the Commission was required to accept the words in the face of a history of four years of illusory financing proposals.

█ It is our opinion that the evidence warranted the finding of the Commission that the Company was not financially able to make the proposed extensions, and therefore the Commission acted within its power in denying a certificate to the Company.

Having concluded that a certificate properly was denied to the Company, the next question is whether the Commission properly granted a certificate to the Co-op. Under KRS 279.360, a certificate could not be granted to the Co-op, to serve territory presently served by the Company, or territory proposed to be served by the Company, except upon a finding that the Company was "unwilling or unable" to render reasonably adequate service. As the case was developed, the question of the Company's willingness and ability to render reasonably adequate service was made dependent upon its ability to convert to dial system and extend its lines. Therefore, the same facts that supported the order of the Commission denying a certificate to the Company, supported its finding that the Company was not willing and able to furnish reasonably adequate service in the territory sought to be served by the Co-op. Accordingly, the condition imposed by KRS 279.-360 was met.

█ However, in addition to meeting the requirements of KRS 279.360, it was necessary for the Co-op to comply with the regulations of the Commission governing the form and contents of applications for certificates of convenience and necessity. Under the decision in Union Light, Heat & Power Co. v. Public Service Commission, Ky., 271

S.W.2d 361, the Commission could not waive compliance with these regulations in the absence of an appropriate order to that effect.

█ It appears that the Co-op did not comply fully with the regulations, as concerns certain data required to accompany the application, such as copies of local franchises, detailed maps of proposed construction, detailed financing plans, estimated costs of operation, etc. Nor was there any order of the Commission waiving compliance.

It is our opinion that the Commission erred in granting a certificate to the Co-op without compliance having been made with the regulations of the Commission. Upon remand of the case, the Commission will reconsider the application of the Co-op in the light of the need for compliance with the requirements of its own regulations.

It should be stated that our affirmance of the denial of a certificate to the Company will, of course, not preclude the Company from again applying for a certificate upon a suitable showing. However, because of the nature of the history of the two applications here under consideration, any such new application by the Company shall not be considered as raising any question under KRS 279.360, as concerns the right of the Co-op to be granted a certificate upon the ordered reconsideration of its pending application.

In so far as the judgment sets aside the order of the Commission denying a certificate to the Company, it is reversed, with directions to enter judgment affirming that order. In so far as the judgment sets aside the order granting a certificate to the Co-op and remanding the case to the Commission for further consideration, it is affirmed, with directions, however, that the reconsideration be as specified in this opinion.