**MIKE LITTLE GAS COMPANY, INC., Appellant,**

v.

**PUBLIC SERVICE COMMISSION of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1978.

William S. Howard, Linda L. Green, Howard & Howard, Lexington, Richard E. Fitzpatrick, Lexington, for appellant.

William M. Sawyer, Morris E. Burton, Frankfort, for appellee.

Before HOGGE, VANCE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment granted March 23, 1978, allowing the appellee to amend a rate adjustment order issued September 1, 1977, by a later order of November 23, 1977.

On August 8, 1977, appellant filed an application with the appellee to put into effect a purchase gas adjustment increase in the cost of gas it supplies its customers, to become effective September 1, 1977, because a wholesale supplier had increased its price of gas to the appellant, effective the same date. On September 1, 1977, the appellee issued an order approving a new rate structure. Upon receipt of the order, the president of the appellant company telephoned a research analyst for the appellee to inquire as to the contents of the order. On November 23, 1977, the appellee issued an amended order, indicating that a clerical error had occurred in its original order. Appellant unsuccessfully sought a rehearing of the appellee's amended order and then appealed to the Franklin Circuit Court, which affirmed the action of the appellee and dismissed the complaint. This appeal followed.

Appellant sets out the following questions:

1) Did the trial court commit reversible error in granting summary judgment on the basis that the original order should be treated as final and thus should not be repealed with retroactive effect without notice and hearing?

2) Did the trial court commit reversible error in granting summary judgment because of the inequity to the appellant of the retroactive effect of the amended order?

This Court affirms the judgment of the trial court because an administrative agency, such as the Public Service Commission, has authority to correct clerical errors.

 It is well settled that administrative agencies, as well as courts, have sufficient authority to correct obvious clerical errors in their orders, so long as the mistake is plainly shown in the record. *Bell v. Hearne*, 60 U.S. 252, 19 How. 252, 15 L.Ed. 614 (1857). This rule has been consistently applied by Kentucky courts. In *Union Light, Heat & Power Co. v. PSC*, Ky., 271 S.W.2d 361 (1954), the court said that an administrative agency has unquestioned authority to change its orders during the time it retains control over any question under submission to it, and has the power to correct its records by nunc pro tunc orders. The contention that the *Union Light, supra*, case has been overruled by *Phelps v. Sallee*, Ky., 529 S.W.2d 361 (1975) is incorrect. In *Phelps, supra*, the court quoted with approval from its previous holding in *Union Light, supra*. The Court in the *Phelps, supra*, decision only emphasized that the administrative agency's power must have its origin in the statute. KRS 278.390 clearly provides that the appellee commission retains authority to modify its orders until they are suspended or vacated by a court of competent jurisdiction.

The appellant's contention, that the appellee commission's action is a retroactive order effecting utility rates without notice and hearing, fails to recognize the nature of the appellee commission's order. We believe it is a nunc pro tunc order. Here, the record is clear that a clerical error appeared in the original order and was appropriately corrected by a subsequent order. Such a procedure is available not only to courts, but to administrative agencies as well. *Frankfort Natural Gas Co. v. Frankfort*, 276 Ky. 199, 123 S.W.2d 270 (1938). The November order was not a new rate order requiring notice and hearing under KRS 278.270.

The corrected order did not impose undue hardship on the appellant. Appellant seeks to invoke equitable relief, claiming that a refund of a portion of the money already collected under the incorrect rate structure would work an undue burden on it.

An examination of the record indicates that the appellant was seeking to obtain permission of the Public Service Commission to pass through a wholesale gas increase to retail consumers. The appellant's application to the appellee commission clearly recites the relief sought. Appellant specifically requested a rate of $3.5752 for two Mcf's of natural gas. The initial order of the appellee commission granted a rate adjustment of $3.5752 per Mcf for the first two Mcf's. Such an order gave the appellant more than he had originally requested in his application. Almost immediately upon receiving the original order, appellant contacted an employee of the appellee commission regarding the rate as stated in the order.

 A member of the appellee's engineering staff has no authority to approve or disapprove rates contained in formal commission orders. The rule is clear that a person dealing with public officials must take notice of the extent of the official's authority to act under given circumstances. *Dade Park Jockey Club v. Commonwealth*, 253 Ky. 314, 69 S.W.2d 363 (1934). We cannot conclude that the appellant was justified in relying on the incorrect original order.

We do not believe that an administrative agency can be prevented from correcting a mistake on so-called equitable grounds because such agencies have the public interest as an inherent responsibility. *NLRB v. Baltimore Transit Co.*, 140 F.2d 51 (4th Cir. 1941).

If the September 1, 1977 order had been permitted to stand, the appellant would have enjoyed a windfall profit at the expense of his local customers, because it would have received more than it originally

requested and more than the increase to it from the wholesale supplier. It is difficult to understand how appellant could seek to invoke equity under such circumstances. It is equally difficult to appreciate the appellant's contention that he will lose good will if he must refund money to his customers. Here, it appears that the refund could be credited to the consumers' bills over a future period of time.

Here, the gas company would receive a higher rate than it requested because of a simple clerical mistake on the part of the agency. Therefore, it is the opinion of this Court that the appellee Public Service Commission has the authority to correct clerical errors in its orders, so long as the agency retains jurisdiction over the matter, and the mistake is clearly shown in the record. Equity cannot assist a natural gas supplier who would receive a windfall profit as a result of a clerical error.

Therefore, the judgment of the trial court is affirmed.

All concur.