**BLUE DIAMOND COAL COMPANY,**
**Appellant,**

v.

**Johnny PENNINGTON, Special Fund and**
**Workmen's Compensation Board,**
**et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Maxwell P. Barret, Reeves, Barret, Cooper & Ward, Hazard, for appellant.

Denver Adams, Hyden, Stuart E. Alexander, Louisville, for appellees.

CLAY, Commissioner.

This is a workmen's compensation case in which the appellee employee sought disability benefits for the occupational disease of silicosis. The Board found against him. On appeal the circuit court set aside this order on the ground that the form of the award did not comply with KRS 342.275, and remanded the case to the Board.

The parties stipulated that appellee was an employee of appellant; that they were operating under the Workmen's Compensation Act at the time the alleged disability occurred; and that the employee's wage at that time was $24.25 per day for a five-day-week.

Two doctors testified that the employee had pneumoconiosis. Four doctors, including one appointed by the Board, testified the employee did not have pneumoconiosis

or silicosis. After a hearing, the Board entered the following order or award in the form of a "Decision":

### "FINDINGS OF FACT

"1. As stipulated by the parties.

"2. Plaintiff is not affected by silicosis or any other form of pneumoconiosis and has no compensable disability as the result of such disease.

### "RULINGS OF LAW

"KRS 342.005; KRS 342.316.

### "ORDER

"It is ORDERED by the full Board that plaintiff's application for adjustment of his claim for compensation be, and the same is hereby, dismissed and denied."

It is the contention of the employee, which was upheld by the circuit court, that this "Decision" does not comply with KRS 342.275, which provides in part:

"The award, together with a statement of the findings of fact, rulings of law and any' other matters pertinent to the question at issue shall be filed with the record of proceedings. * * *."

It is apparently the employee's view that this statute mandatorily directs the Board to compile a formal and lengthy document, for what purpose we cannot imagine. On the contrary, the statute requires only those findings, rulings or other matters which are *pertinent* to the question at issue. Considering the nature of this case, the order or award was certainly adequate. In view of the stipulation, there remained only one fact in issue. That was whether the employee was disabled by reason of silicosis or other form of pneumoconiosis. The finding on this issue was determinative of the controversy. What other findings or matters could be significant in support of the decision?

**124**

Of course the stipulated facts could have been recited, but they were a matter of record. The ruling of law could have been in the form, "The plaintiff is not entitled to compensation under KRS 342.005 and KRS 342.316", but these words add nothing to the statutory references.

The purpose of the statute is to have the Board record the relevant basic considerations upon which its ultimate decision rests. This is important to the parties, may be of benefit to the Board in the event the case is reopened, and is most helpful to a reviewing court. Unnecessary findings or recitations tend to defeat the objective. Even under this statute, simplicity is still a virtue.

We believe the trial court erred in vacating the Board's order or award on this formal ground.

The judgment is reversed, with directions to confirm the order of the Board.

All concur.