Richard POORMAN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 88-SC-481-DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

Rehearing Denied Feb. 8, 1990.

**604**

J. Vincent Aprile II, Asst. Public Advocate, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Richard Poorman was convicted by a jury in Kenton Circuit Court for theft by deception, and thereafter pled guilty as a persistent felony offender. He was sentenced to ten years imprisonment, and his appeal to the Kentucky Court of Appeals has been affirmed. We have accepted Discretionary Review primarily because of an issue, first raised on Petition for Rehearing in the Court of Appeals, as to whether one of the three judge panel who decided the appeal against Poorman was required to disqualify because of prior contact with the case while sitting as a judge in Kenton District Court.

The conviction was based on evidence that the appellant wrote a cold check on a closed account for $2,375 to buy a 1978 Buick from a car dealer. The issues presented on appeal to the Court of Appeals were (1) failing to prove the appellant had an intent to deceive, (2) failing to prove venue before closing the case in chief, and (3) denying of the right to a speedy trial. The appeal was denied and the conviction affirmed by a unanimous decision. The Court of Appeals decided these three issues appropriately, and we affirm for the reasons stated therein. We turn our attention to the judicial disqualification issue.

The only record as to "facts" bearing on this issue are an Order entered by Judge Judy M. West on December 3, 1985, in her official capacity as Judge of Kenton District Court, Second Division, and the information in the Petition for Rehearing and Response filed in the Court of Appeals.

The Order from District Court specified that Richard Poorman was brought before the court charged with Theft by Deception Over $100, that the court found "probable cause that an offense has been committed, and that the Defendant committed the offense," and that therefore the "Defendant be held to the next session of the Kenton County Grand Jury" with bond set at "$2000 10%."

This record is supplemented by the "Petition for Rehearing" filed in the Court of Appeals, which states, *inter alia*, that when appellant's counsel appeared for oral argument on March 18, 1988 in the Court of Appeals, "he noted that Judge West was sitting as an appellate judge," and:

"While Counsel did not specifically request Judge West to recuse herself from sitting on this case, and [sic., in] the dialogue which followed the Appellee's oral argument Judge West noted her recollection of the case had been refreshed and she did, in fact, remember having handled the issue of bond to allow the Appellant to be returned to the State of Ohio."

The Commonwealth's Response to the Petition for Rehearing states:

"As undersigned counsel recalls, this fact was mentioned at oral argument and *waived* by Poorman's counsel."

■ The Court of Appeals panel, Judge West included, denied the Petition for Rehearing without comment. There is nothing in the record to suggest that a motion or request for Judge West to disqualify was made as a contemporaneous objection, as is usually required to preserve a claim of error. RCr 10.12. The sole issue before us is whether the circumstances called for mandatory disqualification, i.e., automatic recusal. It is our opinion that such is not the case, and we affirm the decision of the Court of Appeals.

Appellant relies upon the language of KRS 26A.015(2)(a) and (e) in support of his claim that Judge West was required to disqualify herself even though his counsel did not so request until after the case was decided. This statute states, in pertinent part:

"(2) Any justice or judge of the Court of Justice ... shall disqualify himself in any proceeding:

(a) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings, or has expressed an opinion concerning the merits of the proceeding;

. . . .

(e) Where he has knowledge of any other circumstances in which his impartiality might reasonably be questioned."

At the outset we note that the disqualification of a justice or judge of the Court of Justice is a procedural matter assigned to the jurisdiction of the Supreme Court under § 116 of the new Judicial Article enacted in 1975. Nevertheless, because the Supreme Court has enacted a "Code of Judicial Conduct," SCR 4.300, and the language of Canon 3 provides for "disqualification" in language similar to the statute, we will consider the disqualification issue on its merits under the Supreme Court Rules. The sentence structure of the Supreme Court Rule assists in clarifying the matter. The Rule provides:

"C. *Disqualification*

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;"

■ It is clear from this structure that (a), "knowledge of disputed evidentiary facts concerning the proceeding," is simply illustrative of the major premise requiring recusal "in a proceeding in which his impartiality might reasonably be questioned." It is not a separate rule. Further, it is clear that the kind of knowledge which requires disqualification under (a) is "personal knowledge of disputed evidentiary facts concerning the proceeding," and this refers to knowledge extra-judicially obtained rather than knowledge obtained in official capacity during the course of the proceeding. In short, a judge is not disqualified *per se* simply because of his prior participation in the case in a judicial capacity. This point is made in *Marlowe v. Commonwealth*, Ky., 709 S.W.2d 424, 428 (1986), quoting from *United States v. Winston*, 613 F.2d 221, 223 (1980), as follows:

"[R]ecusal is appropriate only when the information is derived from an extra-judicial source. Knowledge obtained in the course of earlier participation in the same case does not require a judge recuse himself."

■ Nevertheless, under the major premise that a "judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned [Canon 3C, *supra*]," we subscribe, as a general principle, to the premise that a judge should not "sit in review of a case decided by him." *Kendler v. Rutledge*, 78 Ill.App.3d 312, 33 Ill.Dec. 585, 587, 396 N.E.2d 1309, 1311 (1979). But this general principle must be given common-sense application in the context of the presenting circumstances.

The presenting circumstances in this case are:

(1) There was no issue on appeal directly or indirectly involving Judge West's rulings at the probable cause and bond hearing. As appellate judge she was not called upon to review any decision she made at the District Court level. Rather, the issues on appeal were confined to Circuit Court proceedings, and the appellant's arguments to the contrary made on Discretionary Review are remote and insubstantial.

(2) The record does not suggest that Judge West was aware before it was time for oral argument of her previous limited connection to this case. It was brought to her attention during oral argument, and in the discussion that followed, insofar as we can divine from the record before us, there was no suggestion that appellant or his counsel preferred her recusal. Indeed, from the "facts" as stated by appellant's counsel in the "Petition for Rehearing," quoted earlier in this Opinion, although we do not assume appellant's counsel "*waived*" recusal as stated in the Commonwealth's response, it is reasonable to assume from the absence of a request to disqualify that counsel preferred that Judge West remain on the case.

It is not unusual for an appellate judge to wake up for the first time to the fact of prior participation during the course of appellate argument, considering the vast number of cases in which one participates. This is particularly so where, as here, such prior participation has been in a relatively limited capacity.

Further, we are concerned with the time framework involved here. We cannot assume that at the point where the case is before the court for oral argument and ready for decision counsel would necessarily prefer an appellate judge to spontaneously recuse, thus causing the case to be remanded and rescheduled in midstream. It may well be that appellant's counsel was satisfied that his client's cause was not prejudiced by Judge West's further participation, and only changed his mind after the decision affirming the conviction.

When an appellate judge recalls his prior participation at the lower court level, or has such fact brought to his attention, sufficiently in advance of the time when the case is heard so that he can be replaced without interrupting the procedure, we would expect a judge who had participated in lower court proceedings to recuse because "his impartiality might reasonably be questioned [Canon 3C(1), *supra* ]." While we do not place the burden on a party to request disqualification under Canon 3C, we recognize that the questions presented by the Canon are of such infinite factual variety that blind application of a general rule to all cases would in some instances work an unnecessary injustice on the persons the rule is designed to protect. In *Commonwealth v. Carter*, Ky., 701 S.W.2d 409 (1985), we took a similar common-sense approach to the self-disqualification rule, stating a "*per se* rule.... will not do."

Therefore, while we fully support a broad interpretation of the principle stated in Canon 3C, *supra,* that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned," and while we would not hesitate to order such disqualification, or to reverse a case where the record showed that a judge failed to disqualify himself where he should have, the record before us fails to demonstrate a fact situation where the rule applies.

We affirm the decision of the Court of Appeals.

GANT, LAMBERT and VANCE, JJ., and GEORGE W. MILLS, Special Justice, concur.

WINTERSHEIMER, J., concurs in results only.

COMBS, J., dissents without opinion.