Ronald WILDER, Movant,

v.

The GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Carol M. Palmore, Secretary of Labor, and Custodian of the Special Fund, An Agency of the Commonwealth of Kentucky; and Workers' Compensation Board, Department of Labor, An Agency of the Commonwealth of Kentucky, Respondents.

No. 88–SC–953–DG.

Supreme Court of Kentucky.

April 26, 1990.

Stephen C. Cawood, Pineville, for movant.

Mark J. Hinkel, Anthony H. Monioudis, Landrum & Shouse, Lexington, Denis S. Kline, Labor Cabinet, Louisville, Glenn L. Schilling, Com'r. Dept. of Workers' Claims, Frankfort, for respondents.

STEPHENS, Chief Justice.

Movant sustained a work-related back injury on September 11, 1982. The respondent employer voluntarily paid temporary total disability (TTD) benefits from September 12, 1982, through March 19, 1984; from March 28, 1984, through July 3, 1984; and from September 23, 1985, to June 16, 1986. The Workers' Compensation Board awarded TTD benefits for the same periods in which the employer had made voluntary payments, with a 30 percent permanent partial disability continuing thereafter.

No TTD award was made for the period July 4, 1984, through September 22, 1985, and in a petition for reconsideration the movant asked for one. The Board denied the petition. The Bell Circuit Court reversed the findings of the Board and remanded the case with directions to find that the movant was entitled to TTD benefits during this 14–month period. The Court of Appeals reversed, and we granted discretionary review.

The pivotal issue before us is whether the Workers' Compensation Board made a finding as to Wilder's disability during the period of July 4, 1984, through September 22, 1985. The pertinent portions of the Board's opinion and award follow:

"FINDINGS OF FACT

1. As stipulated or found in the record ... defendant/employer paid medical expenses on behalf of plaintiff in the amount of $9,808.87; and temporary total disability was paid from September 12, 1982 through March 19, 1984 and from March 28, 1984 through July 3, 1984 and from September 23, 1985 to June 16, 1986....

. . . .

5. ... We further find that plaintiff was temporarily and totally disabled as set out above in paragraph one."

Both sides agree that the Board did not make an express finding of fact on the issue of entitlement during the period in dispute. Movant argues that the omission of an express finding on a contested issue warrants a reversal. The respondent employer contends the Board's affirmative finding that Wilder was entitled to TTD benefits for certain periods of time implies the negative finding that he was not entitled to TTD for the period in question. Further, the respondent argues that the absence of an express finding on the issue must be construed against Wilder, who had the burden of proof.

Respondent believes that a sufficient finding was made, that this finding is not clearly erroneous, and therefore the decision of the Board must stand. The Court of Appeals agreed. We are unwilling to imply such a finding in this case, and therefore we reverse the Court of Appeals.

Both statutory law and case law undercut respondent's contention that the absence of an express finding of fact in this case is excusable. KRS 342.275 directs the administrative law judge in workers' compensation cases to file an award, order, or decision with *"a statement of the findings of fact*, rulings of law, and any other matters pertinent to the question at issue ..." (emphasis added). The purpose of the statute is to have the Workers' Compensation Board record the "relevant basic considerations upon which its ultimate decision rests." *Blue Diamond Coal Company v. Pennington*, Ky., 424 S.W.2d 122, 124 (1968). Similarly, in *Shields v. Pittsburgh and Midway Coal Mining Company*, Ky. App., 634 S.W.2d 440 (1982), the court stated that

> "[t]he case law dealing with administrative bodies clearly indicates that it is required that basic facts be clearly set out to support the ultimate conclusions (citations omitted). The Workers' Compensation Board is not exempted from this requirement.... [T]he statute [KRS 342.275] and the case law require the Board to support its conclusions with facts drawn from the evidence in each case so that both parties may be dealt with fairly and be properly apprised of the basis for the decision." *Id.* at 444.

We believe the opinion of the Worker's Compensation Board falls short of these mandates. Respondent cites several cases for the proposition that the Board's failure to make certain express findings is not fatal when these findings can be clearly implied from others that are explicitly made. The case at bar, respondent suggests, is like a beauty contest: when Miss America is crowned, the runners-up do not have to be told they lost, since it is clearly understood.

The cases cited by respondent are distinguishable. They all involve situations where the Board's options were mutually exclusive. In one case, for example, in placing all liability on an employer and not apportioning any liability to the Special Fund, the Board, by logical and legal necessity, implicitly determined that the employee had no pre-existing dormant condition.

*See Brown v. Gregory*, Ky., 398 S.W.2d 710 (1966). No clear implications exist in the case at bar. The lack of an express finding here can be construed as a negative finding, or as no finding at all.

The Court of Appeals stated that the Board could not have failed to consider the entitlement issue, since it was "so clearly framed" in the proceedings. The point is that appellate courts in this case are left to speculate as to what the Board may have done. Meaningful appellate review is not possible when the Board's findings are not specifically stated. *Cook v. Paducah Recapping Service*, Ky., 694 S.W.2d 684, 689 (1985); *Blue Diamond*, 424 S.W.2d at 124.

We agree with the Court of Appeals that the Circuit Court exceeded its scope of review in directing the Board to make a finding that Wilder was entitled to TTD benefits during the 14–month period. In doing so, the Circuit Court erroneously substituted its own judgment on the weight of the evidence for that of the Board. *Armco Steel Corporation v. Mullins*, Ky., 501 S.W.2d 261 (1973). The question of Wilder's entitlement is one of fact for the Board, and we therefore remand the case to the Workers' Compensation Board with directions to make a specific finding as to whether or not movant is entitled to TTD benefits for the time period from July 4, 1984, through September 22, 1985.

The judgment of the Court of Appeals is reversed, and the case is remanded to the Workers' Compensation Board for specific findings of fact as outlined in this opinion.

COMBS, GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents, in a separate dissenting opinion.

LAMBERT, Justice, dissenting.

I would reverse the decision of the Court of Appeals and reinstate the judgment of the circuit court. By its decision the majority has unnecessarily prolonged this case.

The evidence relating to movant's entitlement to temporary total disability during the omitted sixteen-month period is not

subject to legitimate dispute. The evidence shows that movant was indeed totally disabled during this period and the circuit court properly corrected the omission by directing the Board to find movant totally disabled.