RENDERED: MAY 13, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1439-MR

DWAYNE A. BRUCE                                                APPELLANT


               APPEAL FROM JEFFERSON CIRCUIT COURT
v.                 HONORABLE MITCH PERRY, JUDGE
                       ACTION NO. 96-CR-000344


COMMONWEALTH OF KENTUCKY                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Dwayne A. Bruce appeals from the Jefferson Circuit Court's denial of his motion to vacate his conviction and sentence pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We affirm as Bruce's arguments are untimely, foreclosed by the decisions in his prior appeals, and otherwise do not present errors of law.

In February 1996, Bruce was indicted by the Jefferson County grand jury on four counts of first-degree rape, ten counts of first-degree sodomy, and one count of first-degree criminal abuse. The victim was Bruce's adopted daughter. A jury tried Bruce in November 1996, and convicted him of three counts of first-degree rape, six counts of first-degree sodomy, and one count of first-degree criminal abuse. The jury recommended a sentence of 270 years and the trial court sentenced Bruce in that manner. In January 1998, the Kentucky Supreme Court affirmed the convictions and sentences on Bruce's direct appeal in *Bruce v. Commonwealth*, No. 97-SC-000085-MR (Ky. Jan. 22, 1998) (unpublished). Following his direct appeal, Bruce has filed multiple petitions for post-conviction relief.

On January 20, 1999, Bruce filed his first motion to vacate his conviction and sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The trial court denied the motion without an evidentiary hearing. The Court of Appeals affirmed in *Bruce v. Commonwealth*, No. 2000-CA-000930-MR (Ky.App. Apr. 20, 2001) (unpublished). In February 2002, the Kentucky Supreme Court reversed and remanded the case to the trial court for further consideration in light of its recent decision in *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001). *Bruce v. Commonwealth*, No. 2001-SC-000359-D (Ky. Feb. 21, 2002) (unpublished).

On remand, the trial court vacated one of Bruce's twenty-year sentences (Count 9) which reduced Bruce's aggregate sentence from 270 years to 250 years. Bruce again appealed, raising various claims of ineffective assistance of counsel.

The Court of Appeals remanded the matter for an evidentiary hearing, explaining that assuming the trial testimony as represented by Bruce in his appeal was accurate, Bruce's counsel may have failed to consider that Bruce was entitled to lesser-included offense instructions on first-degree rape and first-degree sodomy (counts 1 and 2), which both required the victim to be less than 12 years of age pursuant to the requirements in Kentucky Revised Statutes (KRS) 510.040 and KRS 510.070. This Court recognized that the jury believed that Bruce had intercourse with the victim when she was twelve years old and older, but may have had a reasonable doubt as to whether intercourse occurred prior to her turning twelve. *Bruce v. Commonwealth*, No. 2005-CA-001053-MR, 2006 WL 2519539, at *2 (Ky.App. Sep. 1, 2006) (unpublished).

On remand in 2009, the trial court conducted an evidentiary hearing and denied Bruce's motion. Bruce appealed again, alleging the trial court was in error and contending that he did not receive effective assistance of counsel. Included within his arguments were allegations that his counsel did not call some fifty-eight witnesses for the defense, including his mother and his brother.

In 2011, the Court of Appeals affirmed regarding the issue of lesser-included-offenses, noting that Bruce's defense at trial was that he had not committed any acts of sexual abuse, and that attempting to argue about the victim's age at the time the abuse began would have constituted an admission that the sexual abuse had indeed taken place. This Court also found that Bruce did not suffer any prejudice and that his counsel had not "committed any type of error that RCr 11.42 is intended to remedy." *Bruce v. Commonwealth*, No. 2010-CA-001002-MR, 2011 WL 2698222, at *3 (Ky.App. Jul. 8, 2011) (unpublished).

Bruce filed a second RCr 11.42 motion on April 25, 2001. That motion concerned our Commonwealth's aggregate sentencing rules and was denied. *See* KRS 532.110(1)(c), KRS 532.080(6)(a), and the retroactivity provisions of KRS 446.110. This Court affirmed. *Bruce v. Commonwealth*, No. 2001-CA-001190-MR (Ky.App. Jan. 25, 2002) (unpublished).

In May 2004, Bruce filed a motion to vacate pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 regarding his allegations of the withholding of certain medical records, the Commonwealth suborning perjury, and the specific dates of the charged offenses. After the trial court denied the motion, Bruce appealed. This Court affirmed. *Bruce v. Commonwealth*, No. 2004-CA-002183-MR, 2006 WL 2517237 (Ky.App. Sep. 1, 2006) (unpublished). The Kentucky Supreme Court denied discretionary review on April 16, 2008.

On December 13, 2006, Bruce filed a motion that did not identify its procedural basis but was treated by the trial court as being made pursuant to RCr 11.42. The trial court denied the motion. This Court affirmed and determined that: (1) the issues raised were identical to Bruce's second RCr 11.42 motion filed in April 2001; and (2) the issues could have been raised in his direct appeal or could have been addressed within the ineffective assistance of counsel claims in his first RCr 11.42 motion. *Bruce v. Commonwealth*, No. 2007-CA-001224-MR, 2008 WL 4889549, at *2 (Ky.App. Nov. 14, 2008) (unpublished).

Finally, in June 2017, Bruce filed a second CR 60.02 motion. This latest motion was denied as lacking merit and being untimely by the Jefferson Circuit Court on August 8, 2018, and is the subject of the instant appeal.

Bruce again claims that he received ineffective assistance of counsel with multiple allegations of error. Bruce also claims that his trial judge, Hon. William McAnulty, improperly participated in two post-trial matters concerning his case while Judge McAnulty was on the Court of Appeals.

This Court has held that actions under CR 60.02 are addressed to the "sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse." *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959).

At the outset of this Opinion, we must address certain significant procedure issues. First, we agree with the trial court's determination that Bruce's latest CR 60.02 motion is untimely. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). "[W]e agree, that in the particular facts of this case, it was not an abuse of discretion to deny the motion . . . because of the 'reasonable time' requirement of CR 60.02." *Id.* "The trial court has the right in these circumstances under CR 60.02 to apply the 'reasonable time' restriction. Absent some flagrant miscarriage of justice an appellant court should respect the trial court's exercise of discretion in these circumstances." *Id.*

Second, under the law-of-the-case doctrine, we are bound by the prior decisions of this Court in this case, and "the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982). In this appeal, Bruce repeats many of the same claims that he made in his 2006 appeal including that his attorney failed to: (1) move the trial court for removal of a juror who had worked with and knew the victim's step-grandmother; (2) investigate, interview, and subpoena favorable defense witnesses; and (3) prevent the victim's grandfather and sister from testifying. *See Bruce*, 2006 WL 2519539 (unpublished).

As discussed above, the prior decisions of our appellate Courts "settled the matter" as to Bruce's allegations of ineffective assistance of counsel. Similarly, CR 60.02 may not be used by Bruce as a mere repetition of his prior RCr 11.42 motions which were the subject of prior appeals. In *Gross*, 648 S.W.2d at 856, the Kentucky Supreme Court stated that CR 60.02 was not an "additional opportunity" to raise defenses but, "is for relief that is not available by direct appeal and not available under RCr 11.42." Furthermore, "[t]he language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings." *Gross*, 648 S.W.2d at 856. "Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings. Our courts do not favor successive collateral challenges to a final judgment of conviction which attempt to relitigate issues properly presented in a prior proceeding." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky.App. 2009) (citation omitted). Each of the allegations brought by Bruce in this appeal either was, or could have been, presented in prior proceedings.

We cannot discern any error within the numerous assertions made by Bruce. Furthermore, none of his allegations is novel. The conduct of the trial court and his counsel's representation have been the subject of extensive motions and appeals. How his counsel prepared, whom his counsel called to testify, how

-7-

his counsel questioned witnesses, and who should or should not have been allowed to testify, have all been reviewed in depth and are no longer proper issues for appeal. The trial court was well within its discretion in determining that any such allegations (made twenty years after his sentencing and six years after the conclusion of his RCr 11.42 appeals) were untimely. *See Graves v. Commonwealth*, 283 S.W.3d 252, 255 (Ky.App. 2009).

Bruce's last assignment of error is that Judge McAnulty improperly participated in two appellate matters as a Court of Appeals judge after sentencing him as the trial judge in January 1997. In a mandamus action filed by Bruce in 2000, Judge McAnulty participated in a three-judge panel where Bruce sought an order directing the circuit court to rule promptly on his pending motions. *Bruce v. Hon. Lisabeth Hughes Abramson*, No. 2000-CA-000115-OA (Ky.App. Jun. 26, 2000) (unpublished). Judge McAnulty was on the panel that directed the trial court to enter its ruling within 30 days and he thereafter was one of the panel members who received a copy of the circuit court's ruling and entered a final order on June 26, 2000, noting the circuit court's compliance.

Again in 2004, Bruce filed a mandamus action seeking a decision from the circuit court on a previously filed RCr. 11.42 motion. *Bruce v. Hon. Lisabeth Hughes Abramson*, No. 2004-CA-002014-OA (Ky.App. May 09, 2005)

(unpublished). That matter became moot when the trial court, in compliance with the Court of Appeals order, entered a timely order denying his motion.

Bruce did nothing in either matter to seek Judge McAnulty's recusal nor has he ever before criticized Judge McAnulty's participation or actions as an appellate judge. If Judge McAnulty should not have participated, this error was waived. We also believe there was no error as even if Bruce had requested that Judge McAnulty recuse himself, such would not have been necessary since Judge McAnulty was not in the position to, and did not, rule upon any decision he had made as the former trial judge. *See Poorman v. Commonwealth*, 782 S.W.2d 603, 606 (Ky. 1989). Bruce has also failed to establish he was prejudiced by Judge McAnulty's participation as he received all the relief he was requesting in both matters.

Lastly, the purpose of CR 60.02 is to address errors that occurred in the matter prior to its judgment. It is not a vehicle for either the trial court or the Court of Appeals to consider alleged errors that occurred after judgment was entered and final. As to the assertions of general bias by Judge McAnulty made by Bruce in his briefs, any such allegations should have been made within his direct appeal or within his initial RCr 11.42 motion. CR 60.02 cannot be used to assert issues which could have been raised in other proceedings. *Gross*, 648 S.W.2d at 856.

Accordingly, we affirm the Jefferson Circuit Court's denial of Bruce's motion for CR 60.02 relief.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Dwayne A. Bruce, *pro se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

James C. Shackelford
Assistant Attorney General
Frankfort, Kentucky